UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELYN WOLLENSKY,

           Plaintiff,

v.

INVESTINET, LLC,

           Defendant.

Civil Action No.:

## COMPLAINT
(Jury Trial Demanded)

Plaintiff, Elyn Wollensky ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, Investinet, LLC ("Investinet" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2. Venue is proper in this District because a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant regularly conducts business here.

## NATURE OF THIS ACTION

3. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]).

## THE FDCPA

4. The FDCPA regulates the behavior of debt collectors attempting to collect debts on behalf of others or on their own behalf in the name of another. In enacting the

FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

5. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation. The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th

Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## PARTIES

8. Plaintiff is a natural person residing in Martinsville, Virginia. However, at the time of events relating to this action, Plaintiff was a resident of Nassau County, New York.

9. Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the FDCPA, and according to Defendant, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Upon information and belief, Defendant is a foreign limited liability company, with its principal place of business located at 910 Pinckney St, Greenville, SC 29609.

11. Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

## FACTS

12. In or about 2003, Plaintiff was sued for an alleged debt (the "Debt") in the District Court of the County of Nassau, First District Civil Court, Hempstead part (the "State Court"), by the now defunct debt collection law-firm, non-party, Eltman, Eltman Cooper PC ("EEC"), on behalf of its client, non-party Erin Services Co., LLC ("Erin"), under the caption *Erin Services Co., LLC vs. Elyn Wollensky*, Index No.: CV-002798-03/NA (the "Debt Collection Lawsuit").

13. The Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes and thus a "debt" as defined by 15 U.S.C. §1692a(5).

14. It was alleged that in the Debt Collection Lawsuit that Erin was assigned ownership of the Debt and was not its originator.

15. The Debt Collection Lawsuit resulted in the entry of a default judgment in favor of Erin and against Plaintiff (the "Default Judgment").

16. On or about January 22, 2021, Plaintiff and Erin, through its then counsel non-party Roach & Murtha P.C. ("Roach & Murtha"), entered into a stipulation vacating the Default Judgment and discontinuing the Debt Collection Lawsuit with prejudice (the "Stipulation"). A true and correct copy of the Stipulation is annexed hereto as Exhibit "A".

17. Thereafter, on or about May 28, 2021, Defendant delivered a letter (the "Debt Collection Letter") to Plaintiff that, among other things, attempted to collect the Debt on behalf non-party Caddis Funding, LLC ("Caddis"). A true and correct copy of the May 28, 2021, Debt Collection Letter is annexed hereto as Exhibit "B".

18. After receipt of the Debt Collection Letter, Plaintiff made a demand for verification of the Debt. In response, on or about July 6, 2021, Defendant produced a copy of the Default Judgment which has been vacated pursuant to the Stipulation (the "Verification Response"). A true and correct copy of the Verification Response is annexed hereto as Exhibit "C".

19. Upon information and belief, Defendant did not undertake any reasonable due diligence or take any steps to ensure that it was not attempting to collect a judgment that had been previously vacated.

20. Upon information and belief, Defendant's debt collection abuses are part of the business plan developed by Defendant whose high volume consumer debt collection practices are more profitable by not conducting meaningful and effective review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false and deficient debt collection efforts.

21. As a result of Defendant's unlawful conduct complained of herein, Plaintiff has sustained actual damages including, but not limited to, injury to reputation, invasion of privacy, out-of-pocket expenses, pain, suffering, anxiety and mental anguish.

**FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE FDCPA</u>**
(15 U.S.C. § 1692 *et. seq.*)

22. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

23. By attempting to collect the Debt after the Default Judgment had been vacated and after the Debt Collection Lawsuit had been discontinued with prejudice, Defendant violated the FDCPA by, including but not limited to, the following ways:

- (a) 15 U.S.C. §1692d - engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

- (b) 15 U.S.C. §1692e(2) - making false representations of the character, amount, or legal status of the Debt;

- (c) 15 U.S.C. §1692e(3) - disseminating a communication relating to the Debt without conducting a meaningful review of underlying legal file or consumer account;

- (d) 15 U.S.C. §1692e(5) - threatening, or by extension taking, action that cannot legally be taken;

- (e) 15 U.S.C. §1692e(10) - making false representations and using deceptive means to collect or attempt to collect the Debt;

- (f) Attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law - 15 U.S.C. §1692f;

- (g) 15 U.S.C. §1692f - otherwise using unfair or unconscionable means to collect or attempt to collect the Debt.

24. As a result and consequence of Defendant's repeated violations of the FDCPA alleged herein, Plaintiff has been injured and Plaintiff is thus entitled to an award of damages in accordance with the FDCPA including statutory damage, pain, suffering, anxiety, mental anguish and attorney's fees.

**WHEREFORE**, Plaintiff seeks judgment in her favor and damages against Defendant, based on the following requested relief:

On the First Cause of Action:

  (a)  Actual damages 15 U.S.C. § 1692k(a)(1);

  (b)  Statutory damages 15 U.S.C. § 1692k(a)(2);

  (c)  Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

Dated: Nyack, New York
   November 9, 2021

              **THE LAW OFFICES OF**
              **ROBERT J. NAHOUM, P.C.**
              *Attorneys for Plaintiff*

              By:_____
              **ROBERT J. NAHOUM**
              48 Burd Street, Suite 300
              Nyack, NY 10960
              (845) 450-2906
              rjn@nahoumlaw.com